# United States Bankruptcy Court
## Southern District of New York

FILED
US BANKRUPTCY COURT

2018 JUN 18 P 3: 13

POUGHKEEPSIE, NY

In re      )

     )

Kevin Jared Rosenberg,      )      Bankruptcy

     )      Case No. 18-35379-cgm

     Debtor.      )

     )

_____ )

     )

Kevin Jared Rosenberg,      )

     )

     Plaintiff,      )      Adversary

     )      Proceeding No.

     v.      )

     )

NY State Higher Education Services Corporation,      )

Yeshiva University, The Law Firm of Mullooly, Jeffrey,      )      COMPLAINT

Rooney & Flynn LLP,      )

     )

     Defendants.      )

_____ )

## JURISDICTION AND THE PARTIES

1. This Court has jurisdiction under 28 U.S.C. § 1334 because Plaintiff's dischargeability complaint arises under Title 11.

2. Plaintiff Kevin J. Rosenberg (Rosenberg) is an individual living in Beacon, NY who filed Chapter 7 bankruptcy on March 12th, 2018 in case number 18-35379-cgm. Plaintiff's educational debts to defendants are collectively referred to as his "student loans" in this complaint.

3. Defendant NY State Higher Education Services Company (HESC), is an agency of the State of New York. Plaintiff owes approximately $169,286.34 to this defendant.

4. Defendant Yeshiva University (YU), is a private university located in New York City. Plaintiff owes approximately $17,308.25 to this defendant.

5. Defendant Mullooly, Jeffrey, Rooney & Flynn LLP (Mullooly) is a private law firm that has acquired the debt originally owed to Access Group Corporation. Plaintiff owes approximately $183,758.63 to this defendant.

6. Venue is proper because Plaintiff resides in Dutchess County and filed for Chapter 7 relief in the Southern District of New York.

# FACTUAL ALLEGATIONS

7.  Plaintiff attended the University of Arizona from 1991 – 1996 and earned a BA in History.  His undergraduate education was paid for with a mix of an ROTC Scholarship, Pell Grants, Stafford Loans, and Parent Loans.  Plaintiff also worked 20-40 hours per week to pay for living expenses.

8.  After completing active duty military service, Plaintiff pursued a JD at Yeshiva University's Benjamin N. Cardozo School of Law from 2001 – 2004.  His law degree was financed with Stafford Loans, Private Loans, Persian Gulf Veterans Tuition Assistance Program benefits, and the Montgomery GI Bill.

9.  Plaintiff's private loans from Access Group, now Mullooly, were not used for tuition but were instead used to pay for room and board and should therefore be classified as consumer debt, not eligible for protection as student loan.  As such the debt owed Mullooly should be discharged along with Plaintiff's other non-student loan debts.

10. After volunteering to return to active duty service in support of Operations Iraqi Freedom and Enduring Freedom, Plaintiff returned to law school to find that the Bush Administration had changed its interpretation of the law and treated his application to resume GI Bill benefits as a new application, applying the new standard.  As a result Plaintiff was forced to take out additional private loans.

11. Plaintiff practiced law for 2.5 months and realized that a legal career was not for him.  Now 14 years later it is recognized that even if he wanted to work as an attorney, no law firm would hire him.  As a result of this insignificant period of legal practice Plaintiff did not benefit from his law degree.

12. After his military deferment had expired, Plaintiff began making payments on his student loans around 2005.  Payments continued with the exceptions of periodic interruptions due to unemployment or underemployment.

13. During a time of economic hardship, Access Group, now Mullooly, refused to process applications for an economic forbearance or deferment on Plaintiff's Private Loans, and instead placed his loan in default and began pursuing legal action around 2008.  Access Group obtained a judgment against Plaintiff in 2011

14. Laid off shortly after the economic crash of 2008, and after a few months on unemployment, Plaintiff decided to start a business named Gear To Go Outfitters, LLC.

15. Gear To Go Outfitters, which was formed in Plaintiff's living room, grew into a street stand and then a small (225 sq ft) retail store in Brooklyn but never turned a profit.  In 2015 Plaintiff sold 33% ownership in Gear To Go Outfitters to two investors with the goal of opening a larger shop and hopefully becoming profitable.

16. The new shop opened in April 2016, but with the collapse of brick & mortar retail, closed just a year later and deeply in debt.  Plaintiff moved what was left of the business to Westchester County and is now operating the business as an online only company with total revenue from May 1, 2017 to April 30th, 2018 of $81,875.41.

17. As a result of the collapse of Gear To Go Outfitters, Plaintiff's income was more than cut in half and he was unable to keep up with student loan payments after June, 2017.

18. As indicated by Plaintiff's Chapter 7 filing, he cannot maintain a minimal standard of living if forced to repay the student loan debt.

19. In September 2017, Plaintiff suffered a severe back injury that prevented him working within his occupation as a Wilderness/Mountain Guide.

20. Dealing with the Dept of Veterans Affairs healthcare system, it took 9 months for Plaintiff to get the treatment he needed and in May 2017, he underwent back surgery to repair a lumbar disc that had herniated twice, with one herniation found to be wrapped around the nerve and calcified.

21. Recovery took a full year and Plaintiff is still not at the level he was before the injury.

22. As a result of his injury and surgery, Plaintiff's career as a guide is in question and at the age of 45 he may have to begin a new career with limited income potential.

23. Having worked as a guide and manager of an outdoor outfitter for 9.5 years his career choices in middle age are limited.

24. With the demise of brick & mortar retail over the past few years, finding a job in other areas of the retail industry is not only extremely difficult but also comes with a bleak salary outlook.

25. Plaintiff's health problems, the collapse of his business, as well as the change in how folks shop these days, combine to create circumstances indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

26. Plaintiff has made a good faith effort to repay his student loans and worked with his creditors to arrange for forbearance, deferment, and income-based repayment plans in the past.

27. Plaintiff has since defaulted on all student loans.

28. Graduating in 2004, it wasn't until 14 years later, after struggling for more than a decade to repay his loans, that Plaintiff realized he had no choice but to file for Chapter 7 and file this adversary proceeding to have his student loans discharged.

29. Plaintiff realizes that his situation is unlikely to change and asks the court to recognize his service to country through 2 periods of national emergency, as well as the harsh reality of his economic future, in deciding this case. Plaintiff requests that the court grant him a full discharge of his student loan debt and a chance to have a decent life where basic shelter, food, and the necessities of life can be provided for.

## CAUSE OF ACTION

## CLAIM ONE

30. Based on the allegations above, this Court should determine that Plaintiff's student loan debt should be discharged under either the Brunner Test or, in the alternative, the 'Totality of the Circumstances' test.

**WHEREFORE, Plaintiff requests:**

**A. an order determining that Plaintiff's student loan is discharged under Chapter 7**

**B. any other equitable relief this Court may determine is fair**

**and just.**

**June 18th, 2018**

Kevin J. Rosenberg
**Plaintiff, Pro Se**
**15 Grove Street**
**Beacon, NY 12508**
**(917) 301-8238**
Kevin@geartogooutfitters.com

1040 (Form 1040) (12/15)

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

**ADVERSARY PROCEEDING NO.**

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| Kevin Jared Rosenberg | NY State Higher Education Services Corporation, Yeshiva University, The Law Firm of Mullooly, Jeffrey, Rooney & Flynn LLP |

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) |
|---|---|
| Plaintiff Pro Se | FILED U.S. BANKRUPTCY CRT POUGHKEEPSIE NY 2018 JUN 18 P 3 |

**PARTY** (Check One Box Only)

- [✓] Debtor
- [ ] Creditor
- [ ] U.S. Trustee
- [ ] Trustee
- [ ] Other

**PARTY** (Check One Box Only)

- [ ] Debtor
- [✓] Creditor
- [ ] U.S. Trustee
- [ ] Trustee
- [✓] Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

An action to discharge student loans under Chapter 7 with jurisdiction established under 28 U.S.C 1334

## NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 – Recovery of money/property - § 542 turnover of property
- [ ] 12 – Recovery of money/property - § 547 preference
- [ ] 13 – Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
- [ ] 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
  (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 – Dischargeability - § 523(a)(5), domestic support
- [ ] 68 – Dischargeability - § 523(a)(6), willful and malicious injury
- [✓] 63 – Dischargeability - § 523(a)(8), student loan
- [ ] 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 – Injunctive relief – imposition of stay
- [ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
- [ ] 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
- [ ] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
- [ ] 01 – Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
- [ ] 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if this is asserted to be a class action under FRCP 23
- [ ] Check if a jury trial is demanded in complaint
- Demand:  $

**Other Relief Sought:**

1040 (Form 1040) (12/15), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Kevin Jared Rosenberg | BANKRUPTCY CASE NO.<br>18-35379-cgm | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>SDNY | DIVISION OFFICE<br>Poughkeepsie | NAME OF JUDGE<br>Morris |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ K R* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Kevin J. Rosenberg, Pro Se* |
|---|---|
| DATE<br>6/18/18 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.