**SMITH LAW GROUP LLP**

3 Mitchell Place, Suite 5
New York, NY 10017
Austin@acsmithlawgroup.com
www.acsmithlawgroup.com

Hon. Cecelia G. Morris, Chief Judge
United States Bankruptcy Court
Southern District of New York
335 Main Street
Poughkeepsie, NY 12601

January 27, 2020

Re: Rosenberg v. NY Higher Education Services, et.al. Adv. Pro. 18-9023-cgm

Dear Judge Morris:

I have been retained by Mr. Rosenberg, and respectfully request an opportunity to seek reconsideration of the Order granting Defendant's motion for interlocutory appeal (ECF No. 73). Debtor recognizes that the Court possesses the discretion and authority to enter such an order. However, Debtor would appreciate the opportunity to brief the elements under § 158(a)(3) for the Court's consideration. *In re Hypnotic Taxi LLC*, 2017 WL 1393674, at *3 (Bkrtcy. E.D.N.Y. 2017) *("*The standard of review of an interlocutory order of the bankruptcy court under 28 U.S.C. § 158(a) is the standard which governs an interlocutory appeal under 28 U.S.C. § 1292(b) . . .only where the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'")(citations omitted). [1]

ECMC's appeal of the *final judgment* will address any "controlling questions of law" or "substantial ground for differences of opinion." ECMC's interlocutory appeal largely seeks review of disputed facts. *In re Committee of Asbestos-Related Litigants*, 749 F.2d 3, 5 (2nd Cir.1984) (district court properly denied interlocutory appeal that "involved issues of fact rather than a controlling question of law."). ECMC argues that the facts underlying its summary judgment motion are "not in dispute." (ECF No. 70). But that is not true. Debtor disputed ECMC's version of the facts, just as ECMC disputed Debtor's version of the facts. From those competing versions of facts, this Court identified those undisputed material facts contained in the judgment.[2] ECMC is free to attack that judgment, but ECMC should not be permitted to present the appeals court with a hypothetical and competing factual record. *Natale v. Town of Ridgefield*, 927 F.2d 101, 104

---

[1] Unlike other cross-appeals on summary judgment taken by the Second Circuit, *Gary Friedrich Enterprises, LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 320 (2nd Cir. 2013), the standard of review in this action is not symmetrical. The district court will review the facts underlying the judgment for clear error, and the legal conclusions de novo. *In re Thakur,* 498 B.R. 410, 418 (S.D.N.Y. 2013).

[2] *Ardoin v. J. Ray McDermott & Co.*, 641 F.2d 277, 278–79 (5th Cir. 1981)("Considered apart from the decision to grant summary judgment for McDermott, the decision to deny Ardoin's summary judgment motion had no such effect. The only question Ardoin may properly present in this appeal is whether the district court erred in granting summary judgment.").

(2ⁿᵈ Cir. 1991) ("Only in exceptional circumstances should litigants . . .be permitted to ride on the jurisdictional coattails of another party.").

      Furthermore, prosecuting cross-appeals in this action raises basic issues of equity. Although ECMC claims it desires the interlocutory appeal for reasons of judicial economy (ECF No. 70 at 4), it is the Debtor who may be compelled to cover the costs of ECMC's appellate strategy because it is the Debtor who is litigating under a unliteral fee shifting contract.  Mr. Rosenberg has already been taxed $41,869 in attorneys' fees by ECMC to date, which seems to be significantly more than his promissory note allows (ECF No. 58 at 56 and 10).  If ECMC prevails on appeal and obtains not only a reversal but also judgment in its favor, Mr. Rosenberg will presumably be taxed all of ECMC's appellate costs without any assessment of reasonableness by the Court. *Costa v. Maxwell & Morgan PC*, 2015 WL 3490115, at *6 (D.Ariz. 2015) ("Maxwell & Morgan appears to believe that the Declaration's reference to 'reasonable attorneys' fees' empowers the firm, in its sole discretion, to decide what amount is reasonable.").  At the very least, ECMC should be asked to disclose to this Court its estimated costs for the final appeal, and its estimated costs for the interlocutory appeal.  34 C.F.R. § 682.402 (stating that if a guaranty agency intends to oppose a student loan discharge, "the guaranty agency must then determine whether the expected costs of opposing the discharge petition would exceed one-third of the total amount owed on the loan, including principal, interest, late charges, and collection costs."). These factors could then be included in any assessment of whether the interlocutory appeal is genuinely in the interest of judicial economy.

      Accordingly, Debtor respectfully requests an opportunity to brief the issue of ECMC's interlocutory appeal before the Clerk transmits the appeal to the District Court. In the alternative, Plaintiff requests an opportunity to move for a stay of interest on the discharged loan under Fed. R. Bank. Pro. 8007 during the pendency of the appeal.

Sincerely,

/s Austin C. Smith

2