UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re KEVIN ROSENBERG, | ) | 18-bk-35379-cgm |
| Debtor, | ) | |
| | ) | |
| KEVIN ROSENBERG, | ) | |
| Plaintiff, | ) | 18-ap-09023-cgm |
| v. | ) | |
| ECMC, | ) | |
| Defendant | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF JESSE OGREN**

Pursuant to Fed. R. of Evidence 702, Plaintiff Kevin Rosenberg ("Rosenberg") moves to strike the expert report of Jesse R. Ogren. The Defendant ECMC has offered the Vocational Evaluation Report—Addendum dated June 17, 2022 ("Report") as evidence that Rosenberg is not laboring under an "undue hardship" in repaying his student loans, and seeks to have Jesse R. Ogren ("Ogren") qualified as an expert in the field of vocational rehabilitation. Ogren seeks to offer expert testimony that, *inter alia*, Mr. Rosenberg could be earning a salary of $80,000 as a paralegal if he were to apply for any of the jobs Ogren has found on the internet.

**LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon

sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Mahoney v. JJ Weiser & Co.*, 2007 U.S. Dist. LEXIS 79460, at *10-11 (S.D.N.Y. Oct. 25, 2007). "The Second Circuit has distilled Rule 702's requirements into three broad criteria: (1) qualifications, (2) reliability, and (3) relevance and assistance to the trier of fact." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 466 (S.D.N.Y. 2018) (citing *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)). "The burden of establishing that proffered expert testimony complies with Rule 702 lies with the party offering the testimony." *Berk v. St. Vincent's Hosp. & Med. Ctr.,* 380 F. Supp.2d 334, 349 (S.D.N.Y. 2005).

## ARGUMENT

*First*, in order to be qualified as an expert, "the court must examine the totality of the witness's background to determine whether he or she exhibits any one or more of the qualifications listed in Rule 702 -- knowledge, skill, experience, training, or education -- with respect to a relevant field" and "compare[s] the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony." *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 304 (S.D.N.Y. 2015). But Ogren never states what his qualifications are, which makes it impossible to determine whether he is qualified at all. Ogren does not describe his educational or professional background; he provides no resume, nor description of how many years he's been working in what field or what schools he attended or what degrees he earned. See also Fed. R. Civ. Pro 26(a)(2)(B) (stating an expert witness must provide, "(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition[.]"). Instead, we are left to try to decipher his academic credentials from the initials

next to his signature, which was not even made under oath. *Liebling v. Novartis Pharm. Corp.*, 2014 U.S. Dist. LEXIS 195476, at *4 (C.D. Cal. Mar. 24, 2014) ("It clearly follows, and is well established, that an unsworn expert report is inadmissible."); *Vides v. Wolf*, 2020 U.S. Dist. LEXIS 123776, at *34 (W.D.N.Y. July 14, 2020) (striking expert report that was "unsworn and unsigned."). Moreover, in December 2021, a federal court struck Ogren as a proposed expert. *Gutherless v. Union Pac. R.R. Co.*, 2021 Lexis 240664, (D. Neb. Dec. 16, 2021) ("The Court agrees with UP that ***Ogren has failed to provide an adequate basis for his opinions that Gutherless could expect future earnings of $100,000 per year as a conductor and $140,000 per year as an engineer***. Under Rule 702, expert testimony that is speculative or based on insufficient facts is not admissible at trial.") (emphasis added).

*Second*, even if he were qualified as an expert, Ogren never explains what his methodology was or the analysis involved in reaching any of his conclusions regarding Rosenberg's earning potential. "The second requirement for proper expert testimony is that it 'is the product of reliable principles and methods.' The Supreme Court's seminal opinion in *Daubert v. Merrell Dow Pharmaceuticals* established four nonexclusive criteria to apply to the expert's methodology: (1) whether the theory or technique can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) 'general acceptance' within the relevant scientific community." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 482, 494 (S.D.N.Y. 2009). "Thus, we have previously stated that 'when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.'" *Nimely v. City of N.Y.*, 414 F.3d 381, 396-97 (2d Cir. 2005).

Ogren does not state what his theory of vocational rehabilitation or earning potential is or if it has been tested; he does not state whether his techniques for analysis have been subjected to peer review; he does not state the potential error rate (or even the potential success rate); and he does not explain who in the scientific community has "generally accepted" his theories or methodologies. *Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, 2015 U.S. Dist. LEXIS 62156, at *12 (D. Utah May 11, 2015) ("To succeed against a *Daubert* challenge to an expert's methodology, the expert must adequately describe his or her methods."); *United States v. Stahlman*, 934 F.3d 1199, 1219-20 (11th Cir. 2019)("[A] district court faced with a proffer of expert testimony must assess whether the reasoning or methodology underlying the testimony is scientifically valid and can properly be applied to the facts in issue."). In fact, the sum total of Ogren's explanation of his principles and methods consists of:

- In performing this work, I have followed accepted methodologies and standards of practice . . . [m]y opinions are based upon my knowledge, training and experience combined with my professional and clinical judgments. Report at 1, ¶2.

- The opinions expressed are based upon a reasonable degree of vocational rehabilitation certainty as well as professional experience as a vocational rehabilitation counselor. I have also relied on texts such as the Dictionary of Occupational Titles and the Handbook for Analyzing Jobs, and The Bureau of Labor Statistics Occupational and Employment Statistics. The opinions expressed in this report are subject to change based on new or additional information. Report at 11, ¶5.

But this is pure *ipse dixit*. *SEC v. Tourre*, 950 F. Supp. 2d 666, 678 (S.D.N.Y. 2013) ("The law is clear that mere ipse dixit is not appropriate expert testimony because it is not based on reliable methodology, as *Daubert* requires."). Nowhere does Ogren explain what these "accepted methodologies" or "standards of practice" are nor does he articulate what he means by the unadorned conclusion that his work encompasses a "reasonable degree of vocational rehabilitation certainty." *Daubert v. Merrell Dow Pharm.*, 43 F.3d 1311, 1317-19 (9th Cir. 1995) (rejecting

expert who had not published in the field or subjected his methods to peer review but instead relied "entirely on . . . unadorned assertions that the methodology they employed comports with standard scientific procedures."). This failure to explain his methodology is precisely why another federal court recently struck his testimony. *Gutherless v. Union Pac. R.R. Co.*, 2021 Lexis 240664, (D. Neb. Dec. 16, 2021) ("The Court agrees with UP that ***Ogren has failed to provide an adequate basis for his opinions that Gutherless could expect future earnings of $100,000 per year as a conductor and $140,000 per year as an engineer***. Under Rule 702, expert testimony that is speculative or based on insufficient facts is not admissible at trial.") (emphasis added).

*Third*, even if he were qualified as an expert and explained his methodology, his testimony is of no help to the trier of fact and none of it has been sworn to under oath. *Liebling v. Novartis Pharm. Corp.*, 2014 U.S. Dist. LEXIS 195476, at *4 (C.D. Cal. Mar. 24, 2014) ("It clearly follows, and is well established, that an unsworn expert report is inadmissible."); *Vides v. Wolf*, 2020 U.S. Dist. LEXIS 123776, at *34 (W.D.N.Y. July 14, 2020) (striking expert report that was "unsworn and unsigned."). Worse, in several places, Ogren appears to be seeking to mislead the tribunal through subtle changes in language and semantics. *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 308 (S.D.N.Y. 2015) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."). For example, Ogren concludes that "[b]ased on Mr. Rosenberg's past work and earnings history, it is my opinion that he continues to be employable at his demonstrated earning capacity of at least $80,000 per year which he obtained as a paralegal." Report at 10, ¶3. But Ogren then turns around and *implies* it is also his opinion that Rosenberg could be earning as much as $165,000. "It is my opinion that Mr. Rosenberg would have the ability to pursue work

that pays between $65,000 and $165,000 as a paralegal . . . based on current labor market research." Report at 10, ¶7. If one looks closely, one sees that Ogren does not actually state Rosenberg is qualified for these jobs or has this earning potential, *but only that he has the "ability to pursue" these jobs*. Obviously anyone is free to pursue any job—this is not useful expert testimony. Far from aiding the fact finder, this testimony seems to be designed to confuse the Court into thinking that Rosenberg could be earning up to $165,000 while carefully preserving deniability that he ever testified to that fact.

## **CONCLUSION**

For the foregoing reasons, Plaintiff moves this Court to strike the Report of Jesse R. Ogren.

Dated July 5, 2022

        Respectfully submitted

        By:    */s/ Austin Smith*

        **SMITH LAW GROUP LLP**
        Austin C. Smith
        99 Wall Street, No. 426
        New York, New York 10005
        (917) 992-2121
        austin@acsmithlawgroup.com